**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ERIC CONCEPCION, | : | |
| | : | Civil Action No. 13-2081 (DMC) |
| Plaintiff, | : | |
| | : | |
| v. | : | MEMORANDUM OPINION |
| | : | |
| CFG HEALTH SYSTEMS, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CLARK, Magistrate Judge**

This matter comes before the Court upon Plaintiff Eric Concepcion's ("Plaintiff") motion for leave to amend the complaint [Docket Entry No. 15] to remove those causes of action arising under 42 U.S.C. §§ 1981, 1983 and 1988, to substitute causes of action arising under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 and to remand this action to the State Court.   Defendants CFG Health Systems, LLC, Syed Rizvi, MD, Sylvia Terry, RN, Kevin Kelly, APN, Cynthia Richardson, CMA, and Dr. Lionel Anicette (collectively, "Defendants") oppose Plaintiff's motion in its entirety. [Docket Entry No. 16].   The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion.   The Court considers Plaintiff's motion without oral argument pursuant to L.CIV.R. 78.1(b).   For the reasons set forth more fully below, Plaintiff's motion is GRANTED IN PART and it is RECOMMENDED that this action be remanded.

I.      **Background and Procedural History**

This case involves civil rights violations, as well as claims for medical malpractice and negligence in connection with the death of one Julio Concepcion (the "decedent"), an inmate of the

Essex County Department of Corrections. (*See Plaintiff's Brief in Support* at 2; Docket Entry No. 15).   Plaintiff, as administrator of the decedent's estate, first filed this action in the Superior Court of New Jersey, Essex County Vicinage on September 23, 2011.   After some discovery was conducted, Plaintiff was given leave to file an amended complaint against the instant Defendants. On April 3, 2013, Defendants removed the action to this Court on federal question jurisdiction. [Docket Entry No. 1].   Plaintiff moved to remand [Docket Entry No. 6].   That motion is still currently pending.   Subsequent to a status telephone conference with the Honorable Mark Falk, U.S.M.J. on July 23, 2013, (the "July 23rd conference") Plaintiff filed the instant motion to amend the complaint and a second motion to remand this case to state court.

**II.    Arguments**

Plaintiff states that it was at the July 23rd conference when it was first suggested that Plaintiff substitute state civil rights claims for federal ones in order to be remanded back to state court. (*Pltf. Br. Supp.* at ¶¶9-11).   Plaintiff notes that the civil rights laws of New Jersey mirror the federal laws and that, therefore "the amended complaint does not add any new causes of actions (*sic*) against any of the defendants[.]" (*Id.* at ¶17).   Plaintiffs claim that because the amended complaint "merely clarifies with greater specificity which defendant is being sued under what theory, there is no prejudice against the defendants." (*Id.*)   As such, Plaintiff requests that this Court grant the motion to amend.

Plaintiff further requests that this Court remand this action back to state court, as no federal claims would remain in the amended complaint. (*Id.* at ¶¶19, 22).   Plaintiff points to 28 U.S.C. §1337(c)(3) which states that a district court may decline jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction[.]" (*Id.* at ¶20, citing

*Growth Horizons, Inc. v. Delaware County, PA,* 983 F.2d 1277, 1284 (3d Cir. 1993). Plaintiff

argues that this case is in the early stages, with new defendants having recently been added, and

that the removal of the federal claims warrants remand to the state court.

Defendants' opposition is twofold. First, Defendants argue that Plaintiff's motion to

amend should be denied for "undue delay, bad faith [and] dilatory motive[.]" (*Defendants' Brief in*

*Opposition* at 2; Docket Entry No. 16). Second, Defendants submit that the New Jersey Civil

Rights Act "provides for original jurisdiction of Plaintiff's claims in [federal court]" and as such,

this action need not be remanded to state court. (*Id.* at 2).

Turning to Defendants' first argument, Defendants note that Plaintiff only sought to join

them to this case after Plaintiff had settled with other defendants at the state level. (*Id.* at 5).

Defendants argue that, through his proposed amendment, Plaintiff is "attempting to manipulate the

forum in this matter" and that it "would be patently unfair to permit Plaintiff to manipulate the

forum after a timely and appropriate removal by [Defendants]." (*Id.* at 7). Defendants argue that

to have this action remanded to state court, where eighteen months of litigation have already

ensued, would "not equate to the fairness and justice to which these Defendants are entitled" as

"Defendants have never appeared before the state court[.]" (*Id.* at 6).[1]

Defendants alternatively argue that this Court would not be stripped of jurisdiction, as "the

New Jersey Civil Rights Act provides for redress of both state and federal laws while providing

that a complaint 'may' be brought in the Superior Court." (*Id.* at 3). Further, Defendants submit

that "the Act is nearly identical to and analogous to its federal counterpart, 42 U.S.C. § 1983" and

that "there is no reason to permit Plaintiff to amend his complaint simply to paint his claims with a

'state law' brush and avoid having this matter heard in federal court following the timely and

---

[1] The Court notes that Defendants have raised the issue of improper service and have implicitly suggested improper joinder as well. (*See Id.* at 6). The Court declines to address these issues, as they are not presently before the Court.

proper removal by these Defendants." (*Id.* at 5). As such, Defendants request that the Court deny Plaintiff's motion in its entirety.

Plaintiff's reply argues that amendment and remand is proper as "the gravamen of the claims are state claims for medical malpractice and negligence." (*Plaintiff's Brief in Reply* at ¶4; Docket Entry No. 18). Plaintiff reiterates that during the July 23rd conference, the Court seemed willing to permit Plaintiff to substitute the state civil rights laws for the federal ones, and indeed, suggested the switch. (*Id.* at ¶9). Plaintiff states that the action taken on the Court's suggestion "can hardly be said to be acting in bad faith or in a dilatory manner or attempting to unduly delay this matter." (*Id.* at ¶10). Plaintiff also argues that the Defendants were properly added "with leave of the New Jersey State Court…after lengthy discovery had occurred in the matter." (*Id.* at ¶16). Lastly, Plaintiff refutes Defendants' argument that this Court would continue to retain jurisdiction over the amended complaint by arguing that Defendants' case law is inapposite in that it "does not stand for the proposition that a Federal Court must keep jurisdiction over a State Law claim" but instead "merely instructions how a state law claim must be analyzed in Federal Court." (*Id.* at ¶21).

III.    Analysis

a.  Motion to Amend

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

The Court finds Plaintiff's amendment to be proper. Defendants do not refute Plaintiff's characterization of the July 23rd conference with the Court and do not contest that it was the Court which suggested substituting state law causes of action for federal ones. Indeed, Defendants do not argue that the amendment itself is substantively improper. Defendants' suggested ancillary arguments that they were improperly served or improperly added as Defendants are not at issue before this Court. Defendants were added with leave of the state court and have answered Plaintiff's complaint. In this regard, the Court finds that Plaintiff's lone amendment to substitute the New Jersey Civil Rights Act for the claims plead pursuant to the Constitution has not been brought with undue delay, bad faith or dilatory motive. The amendment does nothing to change the essential substance of Plaintiff's allegations and as such, causes no prejudice to Defendants. In addition, and as explained more fully below, the Court is additionally satisfied that the essential effect of amendment – remand – likewise would not prejudice Defendants. Therefore, Plaintiff's motion is GRANTED IN PART.

b. <u>Motion to Remand</u>

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. Defects in removal may

be procedural or jurisdictional.   Jurisdictional defects may be raised at any time.   *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).   Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."   *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).   Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."   *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div*., 809 F.2d 1006, 1010 (3d Cir.1987)).

Prior to filing the instant motion, Plaintiff filed a motion to remand this action under the initial complaint.   As the Court has granted that part of Plaintiff's motion seeking to amend the Complaint, this particular motion is moot for the reasons set forth herein.   As such, Plaintiffs first motion to remand is DENIED.

Turning to the instant motion, the Court shall recommend to the District Court that this action be remanded to state court.   The Court finds Defendants' argument for dual jurisdiction unpersuasive and, as Plaintiff correctly notes, Defendants' case law shows that the New Jersey Civil Rights Act and constitutional claims are to be analyzed the same; not that the Court shall retain jurisdiction over non-federal causes of action.   Likewise, the Court finds that Plaintiff has moved to amend and remand in compliance with the federal and local civil rules and has not done so in bad faith.   Thus, the Court rejects Defendants' argument that Plaintiff is attempting to "forum shop."   As Plaintiff notes, and Defendants acknowledge, this action has been proceeding

for the past eighteen (18) months in state court.   No discovery has been conducted with respect to Defendants and no depositions have been taken. (*Defts.' Br. Opp.* at 6).   Lastly, and most important, by virtue of Plaintiff's Amended Complaint, no federal claims remain and therefore the Court is confident that it no longer has subject matter jurisdiction.[2]   As such, the Court is recommending that this action be remanded to the Superior Court of New Jersey, Essex County Vicinage.

## IV.    Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED IN PART and it is respectfully RECOMMENDED that the District Court remand this action.   An appropriate Order and Recommendation shall follow this Opinion.


Dated: October 28, 2013


s/   James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]  The Court notes that neither party has addressed whether diversity jurisdiction is present in this matter.   Indeed, Defendants originally removed this matter on the basis of federal question jurisdiction alone. (*See* Docket Entry No. 1 at ¶6).   As such, the Court shall not engage in an analysis of diversity jurisdiction and is therefore satisfied that subject matter jurisdiction does not exist in this case by way of same.