NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC CONCEPCION, as the Administrator of the Estate of JULIO CONCEPCION, deceased, and individually, <br><br> Plaintiff, <br><br> v. <br><br> CFG HEALTH SYSTEMS LLC, SYED RIZVI, M.D., LIONEL ANICETTO, M.D., Nurse SYLVIA TERRY, Nurse KEVIN G. KELLY, Nurse CYNTHIA RICHARDSON, Nurse SABINE PIERRE-PAUL, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, and "JOHN DOE I-X" and "JANE ROE I -X" (said names being fictitious and presently unknown), <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 2:13-cv-02081 (DMC)(JBC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion to Remand by Plaintiff Eric Concepcion ("Plaintiff") and the Motion to Amend Complaint and Second Motion to Remand by Plaintiff. Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Plaintiff's Motion to Remand is **denied** and Plaintiff's Motion to Amend Complaint and Second Motion to Remand are **granted**.

1

## I. BACKGROUND[1]

Plaintiff originally filed his Complaint in the Superior Court of New Jersey on September 23, 2011. Plaintiff amended his complaint twice in state court. Defendants CFG Health Systems, LLC ("CFG"), Lionel Anicette, Syed M. Rizvi, Sylvia Terry, Kevin Kelly, Sabine Pierre Paul, and Cynthia Richardson were not parties to this action until they were served with Plaintiff's Second Amended Complaint on March 11, 2013.[2] Defendants CFG, Terry, Kelly, and Richardson removed the case to this Court on April 3, 2013 due to Plaintiff's inclusion of claims alleging violations of his Constitutional rights and his claims alleging violations of 42 U.S.C. §§ 1981, 1983, and 1201, 18 U.S.C. § 3626, and Title VII.

On April 26, 2013, Plaintiff filed the instant Motion to Remand (ECF No. 6), arguing that the case should be remanded because i) the overwhelming majority of the Complaint is based on state law claims; ii) the Superior Court of New Jersey has already heard motions and held conferences with the parties; and ii) Defendants cannot show why the case must be heard in Federal Court. Defendants CFG, Anicette, Rizvi, Terry, Kelly, and Richardson filed an Opposition on April 30, 2013 (ECF No. 8), arguing that the case should stay in this Court due to the federal claims in the Complaint. On September 3, 2013, Plaintiff filed the instant Motion to Amend Complaint and Second Motion to Remand (ECF No. 15), seeking to amend the Complaint to remove all federal claims and to remand the case to state court. Plaintiff also filed an Amended Complaint ("Compl.," ECF No. 15, Ex. A). Defendants CFG, Anicette, Rizvi, Terry, Kelly, and Richardson filed an Opposition on September 9, 2013 ("Def.'s Opp'n," ECF No. 16) and Defendant Essex County Department of Corrections filed an Opposition on September 20, 2013 (ECF No. 17). These Defendants argue that the case should stay in this

---
[1] The facts from this section are taken from the parties' pleadings.
[2] However, according to these Defendants, they were served improperly.

Court because Plaintiff's New Jersey Civil Rights Act ("NJCRA") claim is based on alleged violations of federal law and because Plaintiff has acted with bad faith in trying to remand the case. Plaintiff filed a Reply on September 26, 3013 (ECF No. 18).

## II. STANDARD OF REVIEW

### A. Motion to Amend Complaint

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading . . . with the opposing party's written consent or the court's leave." Leave to amend is to be freely granted unless there is a reason for denial, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182, (1962); see also Arthur v. Maersk, 434 F.3d 196, 204 (3d. Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility."). "Where an amended pleading would be futile, that alone is sufficient ground to deny leave to amend." Kanter v. Barella, 489 F.3d 170, 181 (3d. Cir. 2007). "'Futility' of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue." Harrison Beverage Co. v. Dribeck Importers, 133 F.R.D. 463, 468 (D.N.J. 1990).

### B. Motions to Remand

In an action removed to federal court under 28 U.S.C. §1441, the removing party bears the burden of showing that federal subject matter jurisdiction exists. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The removal statute is strictly construed against removal and all doubts are to be resolved in favor of remand. Entrekin v. Fisher Scientific, Inc., 146 F. Supp. 2d 594,

3

604 (3d Cir. 2001); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987). For removal to be proper, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Boncek v. Pennsylvania R. Co., 105 F. Supp. 700, 705 (D.N.J. 1952) (quoting Gully v. First National Bank, 299 U.S. 109, 112 (1936)). Under the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

### III. DISCUSSION

#### A. Motion to Amend Complaint

Plaintiff seeks to amend his Complaint in order to remove the federal claims. This Court finds that Defendants have not set forth any reasons that justify denying Plaintiff's Motion to Amend, such as bad faith, undue delay, futility, or prejudice to Defendants.[3] Therefore, Plaintiff's Motion to Amend Complaint is granted.

#### B. Motions to Remand

##### 1) First Motion to Remand

Plaintiff's first Motion to Remand was filed before Plaintiff's Motion to Amend Complaint was filed. Because this Court is granting Plaintiff's Motion to Amend Complaint, and because Plaintiff has filed a Second Motion to Remand that is specific to Plaintiff's Amended Complaint, Plaintiff's first Motion to Remand is no longer relevant. Accordingly, Plaintiff's first Motion to Remand is denied.

---

[3] The vast majority of both Oppositions to Plaintiff's Motion to Amend Complaint and Second Motion to Remand focus on why remand should not be granted and not why leave to amend should not be granted.

4

## 2) Second Motion to Remand

In his Second Motion to Remand, Plaintiff argues that this case should be remanded to state court because the Amended Complaint does not contain any federal claims. Defendants, however, argue that this case should stay in federal court because Plaintiff's NJCRA claim is based on violations of federal law. To support this proposition, Defendants focus on the language in N.J.S.A. § 10:6-2d, which states that:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights . . . may bring a civil action for damages and for injunctive or other appropriate relief.

Defendants also cite Trafton v. City of Woodbury, 799 F.Supp.2d 417, 443 (D.N.J. 2011), where the court stated that "[t]his district has repeatedly interpreted NJCRA analogously to § 1983." However, while the NJCRA may be interpreted in the same manner as § 1983, case law in this district shows that claims under the NJCRA that allege violations of state constitutional rights should be heard in state court. See D.D. v. Univ. of Med. & Dentistry of New Jersey, No. 11-7475, 2012 WL 3835833, at *1 (D.N.J. Sept. 4, 2012) ("Turning . . . to [the defendant's] claim that [the case should be remanded because] the NJCRA implicitly involves the resolution of federal law, the Court finds this argument specious."); Ortiz v. Univ. of Med. & Dentistry of New Jersey, No. 08-2669, 2009 WL 737046, at *10 (D.N.J. Mar. 18, 2009). In Ortiz, the court ultimately denied the plaintiff's motion to remand because the plaintiff's NJCRA claim "necessarily raise[d] a federal issue." 2009 WL 3835833, at *7. However, in that case, the plaintiff's NJCRA claim alleged violations of both the New Jersey Constitution *and* the United States Constitution. Id. at *5. Thus, the court stated the following:

5

> A plaintiff contemplating an action under the NJCRA has a choice to make. If she alleges violations of her federal constitutional rights, the case is identical to a § 1983 action and may be removed to federal court. If she wishes to remain in state court, she may choose to plead only violation of her state constitutional rights under NJCRA.

Id. at *10. Further, this district subsequently stated that "Ortiz presented the unique circumstance of a statutory state law claim requiring the necessary resolution of a substantial and disputed question of federal law." Vitellaro v. Mayor & Twp. Council of Twp. of Hanover, No. 09-3310, 2009 WL 5204771, at *4 (D.N.J. Dec. 23, 2009). In Vitellaro, the court found that Ortiz was not applicable because the plaintiff "pleaded alleged violations of her *state*, not federal, constitutional rights" in her NJCRA claim. Id. The court also rejected the defendant's argument that "despite the absence of a federal claim, and despite [p]laintiff's choice to pursue only her remedies under the state constitution, the claim is really federal because of New Jersey common law precedent." Id.

The present case is analogous to Vitellaro and distinguishable from Ortiz because Plaintiff's NJCRA claim in the Amended Complaint alleges violations of Plaintiff's *state* constitutional rights (Compl. ¶ 66). Therefore, this Court finds that Plaintiff's inclusion of an NJCRA claim in the Amended Complaint does not warrant denial of Plaintiff's Second Motion to Remand.

Defendants further argue that Plaintiff's Second Motion to Remand should be denied for reasons of "undue delay, bad faith and dilatory motive" (Def.'s Opp'n at 5). However, Defendants have not set forth any facts to convince this Court that Plaintiff has acted with bad faith. For example, Defendants make several complaints about procedural decisions made by the state court that are irrelevant to the instant Motion. Further, while Defendants argue that this case does not need to be remanded for the sake of judicial economy because no discovery has been

conducted in state court, Defendants have not shown that there is a compelling reason as to why this case needs to remain in federal court. See Alicea v. Outback Steakhouse, No. 10-4702, 2011 WL 1675036, at *5 (D.N.J. May 3, 2011) report and recommendation adopted, No. 10-4702, 2011 WL 2444235 (D.N.J. June 9, 2011) ("[W]hen federal claims are no longer part of a case, a district court should usually decline to exercise its jurisdiction to hear supplemental claims absent extraordinary circumstances."). Accordingly, Plaintiff's Second Motion to Remand is granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's first Motion to Remand is **denied** and Plaintiff's Motion to Amend Complaint and Second Motion to Remand are **granted**. An appropriate order follows this Opinion.

/s/ Dennis M. Cavanaugh, U.S.D.J.

Date: November 6, 2013
Original: Clerk's Office
cc: Hon. James B. Clark U.S.M.J.
All Counsel of Record
File